UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DONNA L. FRIEDEBERG,

                Plaintiff,

-against-

RAND McNALLY CORP.,

                Defendant.

1:25-CV-4001 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Donna L. Friedeberg, of Norwich, Connecticut, brings this *pro se* action asserting claims against Rand McNally Corp. ("Rand McNally").[1] Her claims appear to arise from various alleged events that took place in multiple locations located within Connecticut; locations that are depicted in the Rand McNally maps that are attached to the complaint. For the following reasons, the Court transfers this action to the United States District Court for the District of Connecticut.

## DISCUSSION

The appropriate venue provision for Plaintiff's claims is found at 28 U.S.C. § 1391(b), which provides that, unless otherwise provided by law, a federal civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a

---

[1] Plaintiff's 133-page complaint is not signed.

defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question.[2] § 1391(c)(1), (2).

Plaintiff does not allege any facts as to whether Rand McNally resides within this judicial district.[3] Thus, it is unclear that this court is a proper venue for this action under Section 1391(b)(1).

Plaintiff, who resides in Norwich, Connecticut, within the District of Connecticut, *see* 28 U.S.C. § 86, seems to allege that a substantial part of the events that are the bases for her claims occurred within that judicial district. She alleges no facts showing whether any of the alleged events occurred within this judicial district. Thus, while it is also unclear that this court is a proper venue for this action under Section 1391(b)(2), it is clear that the United States District Court for the District of Connecticut is a proper venue for this action under that provision.

Under 28 U.S.C. § 1404(a), even if a civil action is filed in a federal district court where venue is proper, a court may transfer the action to any other federal district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28

---

[2] With respect to a defendant that is a corporation, for venue purposes:

in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

28 U.S.C. § 1391(d).

[3] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate for this action. Because Plaintiff seems to allege that a substantial part of the events giving rise to her claims occurred within the District of Connecticut, it is reasonable to expect that relevant documents and witnesses would also be located within that judicial district. The United States District Court for the District of Connecticut, which is a proper venue for Plaintiff's claims under Section 1391(b)(2), therefore, appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to that court. *See* § 1404(a) *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the District of Connecticut. *See* 28 U.S.C. § 1404(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the

transferee court. A summons shall not issue from this court. This order closes this action in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 30, 2025
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge
